IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LAMONTENEA CLINTEL JOHNSON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-1566-L** |
| § | |
| **WALMART, INC.; WAL-MART REAL** § | |
| **ESTATE BUSINESS TRUST; and ERIC** § | |
| **STUART ZORN,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

On January 26, 2024, the court identified jurisdictional deficiencies in Defendants' Notice of Removal regarding Plaintiff's citizenship and the amount in controversy, and directed removing Defendants Walmart, Inc. and Wal-Mart Real Estate Business Trust ("the Walmart Defendants" or "Defendants") to file an amended notice of removal by February 9, 2024, that cured these deficiencies. *See* Doc. 14. The court also warned that the Walmart Defendants' failure to file an amended notice of removal that cured the deficiencies identified would result in the *sua sponte* remand of this action to state court for lack of subject matter jurisdiction. For the reasons herein explained, the court *sua sponte* **remands** this action to state court for lack of subject matter jurisdiction based on its determination that the jurisdictional matters identified have not been cured.

**I.     Plaintiff's Citizenship**

In their original Notice of Removal, the Walmart Defendants alleged that "Plaintiff is a citizen of Texas as evidenced by her admission that she resides in the State of Texas." Defs.' Notice of Removal 2 (citing Pl.'s Original Pet. 1). This jurisdictional allegation by Defendants

was insufficient because a natural person's residence in a state is not enough to establish domicile or citizenship. In their Amended Notice of Removal, Defendants allege that Plaintiff is a citizen of Nevada. For support, they continue to rely on Plaintiff's pleadings. In addition, they submitted a letter from Plaintiff's former counsel, which includes a Nevada address for Plaintiff.

Individuals, however, can have more than one address or residence, which is why residency and citizenship are not synonymous, and an allegation regarding a person's address or residence, without more, is insufficient to establish citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'") (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). "Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *MidCap Media Fin., L.L.C.*, 929 F.3d at 313 (citation and internal quotation marks omitted). A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Thus, "domicile requires residence in [a] state and an intent to remain in the state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (citation omitted).

In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251, (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted). Additionally, "[a] litigant's

statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.*

Defendants' Amended Notice of Removal contains no facts or evidence from which the court can determine Plaintiff's domicile and citizenship. Accordingly, remand on this ground alone is necessary, as the court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

## II.   Amount in Controversy

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted). When, as here, the plaintiff does not allege a "specific amount of damages," but instead alleges a range of damages, the removing defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993) (*De Aguilar I*)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408-09 (5th Cir. 1995) (*De Aguilar II*) ("[S]trictly speaking, plaintiffs have not alleged a specific amount of damages, as the amount they claim can range from $1 to $50,000.") (citing and quoting *De Aguilar I*, 11 F.3d at 58). Likewise, evidence establishing the amount in controversy exceeds $75,000 is necessary when the court questions the amount in controversy allegation. *Dart*, 574 U.S. at 87-88. The

defendant can satisfy this burden by: (1) demonstrating that it is facially apparent from the plaintiff's petition that the claims likely exceed $75,000, or (2) "by setting forth the *facts* in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (citation omitted). "Removal, however, cannot be based simply on conclusory allegations" that are unsupported by facts, and "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of removal" such that "any post-petition affidavits are allowable only in relevant to that period of time." *Id.* (citation omitted).

    The Walmart Defendants' original Notice of Removal relied solely on Plaintiff's Petition and formulaic request for damages that are commonly included in state court petitions in slip-and-fall cases such as this without setting forth sufficient facts in controversy that would support a finding that the amount in controversy is satisfied. The Walmart Defendants correctly noted that Plaintiff alleges a range of monetary relief of more than $250,000 but not more than $1,000,000. In its January 26, 2024 Order and Notice of Deficiency, however, the court explained that it is not facially apparent from Plaintiff's pleadings that any recovery would likely exceed $75,000 given the conclusory nature of her allegations.

    Specifically, Plaintiff has asserted claims based on tort theories of premises liability and gross negligence under Texas.  In support of these claims, she merely alleges in conclusory fashion that, on June 17, 2021, she "slipped on a streak of liquid substance that was on the floor" in a Wal-Mart store and "suffered damages and personal injuries that remain today, and mental anguish, as well as deleterious effects on [her] quality of life." Pl.'s Pet. 2.  In addition, she alleges that she is entitled to exemplary damages because Defendants "exhibited a conscious disregard for the safety of their customers and business invitees, including Plaintiff, by engaging in the conduct[] that

**Memorandum Opinion and Order – Page 4**

w[as] not merely negligent." Pl.'s Pet. 5. The court noted that it could not quantify the potential monetary value of these claims absent facts regarding the nature and extent of Plaintiff's injuries and losses.

In their Amended Notice of Removal, the Walmart Defendants continue to rely on Plaintiff's formulaic request for various types of damages:

> 18. Regarding amount in controversy, Plaintiff seeks past and future medical care and expenses, past and future physical pain and suffering, past and future mental anguish, past and future disfigurement, past and future mental impairment, past and future loss of earning capacity, exemplary damages, and all other relief, in law and in equity, to which Plaintiff may be entitled. *See* Plaintiff's Original Petition, § X (a-j).

Defs.' Am. Notice of Removal 5. In addition, Defendants assert that Plaintiff's medical records alone establish over $75,000 in economic damages: "Plaintiff seeks monetary relief within the jurisdictional threshold of the Court, as evidenced by Plaintiff's medical records indicating nearly $75,000 in alleged past medical expenses." *Id.* (citing Ex. D-2 to Defs.' Am. Notice of Removal). *Id.* Notwithstanding their assertion that the minimum jurisdictional threshold is satisfied or nearly satisfied, Defendants further assert that they should be allowed to conduct discovery presumably in the event the court disagrees:

> As discovery has hardly commenced in this action, Defendant is entitled to further investigation of all Plaintiff's alleged economic and noneconomic damages. From a precursory overview and preponderance of the evidence, however, the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

*Id.*

The Amended Notice of Removal is accompanied by some evidence of Plaintiff's past medical expenses. Most of the expenses in the records submitted, though, predate June 17, 2021, and appear to relate to injuries that Plaintiff sustained in an automobile accident on May 27, 2021, *before* she allegedly fell and injured herself on June 17, 2021. *See* Doc. 15-1 at PageID 110 (Health

Insurance Claim Form, "Auto Accident . . . Yes . . . Date 05/27/21"). Even for the medical expenses that were incurred after June 17, 2021, it is unclear whether they are for injuries related to the automobile accident or the June 17, 2021 fall. *See* Doc. 15-1 at PageID 113 (Epic Pain & Orthopedics invoice for orthopedic services provided from April 14, 2021, to July 12, 2021, with only the July 12, 2021 service falling after June 17, 2021, but the description of the service for this date says "Ortho Follow Up Visit," so it is related to Plaintiff's prior automobile injury and treatment that commenced on April 14, 2021); Doc. 15-1 at PageID 114-115 (Cutting Edge Orthopedics Services Chart for services provided from October 2, 2020, to May 3, 2022, with only eight of these service dates occurring after June 17, 2021, for a total of approximately $6,000). Additionally, it is unclear from Defendant's evidence whether some of the amounts charged after June 17, 2021, were owed or paid by either Plaintiff or Medicaid as a result of the "Medicaid Contractual Allowance." *See* Doc. 15-1 at PageID 111. Thus, at most, this evidence of the medical expenses incurred by Plaintiff since June 17, 2021, only supports a finding that the amount in controversy totals approximately $6,000, which is far less than an amount that exceeds $75,000 to establish diversity jurisdiction.

  Plaintiff's conclusory boilerplate request for damages other than medical expenses is similarly unhelpful, as it does not provide any additional insight or facts from which the court can ascertain the nature or extent of her alleged injuries. *See* Pl.'s Pet. 5-6 (seeking past and future damages for: "medical care and expenses"; [p]hysical pain and suffering"; "[m]ental anguish"; "[d]isfigurement"; "[p]hysical impairment"; and "[l]ost earning capacity[.]"). For example, Plaintiff's Petition is devoid of any factual allegations that would support a request for mental anguish damages under Texas law, and the Fifth Circuit has made clear that removal "cannot be

**Memorandum Opinion and Order – Page 6**

based simply upon conclusory allegations."[*] *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 & n.11 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335).  Further, there are no specific allegations regarding how she has been disfigured, the extent of any physical impairment, or the amount of any lost earnings she has incurred or expects to incur.

Thus, contrary to the Walmart Defendants' assertion, it is not facially apparent from Plaintiff's pleadings that the amount in controversy requirement for diversity jurisdiction is met, and the evidence of medical records submitted by them is not sufficient to show that the amount in controversy likely exceeds $75,000.  If Plaintiff's medical expenses had been closer to the $75,000 threshold, it might have been reasonable to assume that, if she prevailed on her claims, she would more likely than not be entitled to additional damages that would result in her total monetary relief exceeding $75,000. Such is not the case here, however, given the court's determination that Defendants' evidence only established approximately $6,000 in medical expenses in the nearly three years since Plaintiff allegedly fell and was injured on June 17, 2021. Consequently, the Walmart Defendants have not met their burden as the removing parties of establishing that the amount in controversy for diversity jurisdiction is satisfied.

## III.    Jurisdictional Discovery

As indicated, the Walmart Defendants assert that they should be allowed to investigate through discovery the extent of Plaintiff's damages. The inclusion of this assertion in their Amended Notice of Removal does not comply with this district's Local Civil Rules applicable to

---

[*] To recover mental anguish damages in Texas, there must be direct evidence "of the nature, duration, or severity of [the] plaintiff's anguish, thus establishing a substantial disruption in the plaintiff's daily routine, or other evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger." *Pay & Save, Inc. v. Martinez*, 452 S.W.3d 923, 929-30 (Tex. App.—El Paso 2014, pet. denied) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)) (other citations omitted). Plaintiff here is not required to come forward with evidence at the pleading stage.  As noted, however, her Petition contains *no* factual allegations that would support an award for mental anguish damages.  Accordingly, any reliance by the Walmart Defendants on Plaintiff's request for mental anguish damages to show that the requisite amount in controversy is satisfied for purposes of diversity jurisdiction is misplaced and insufficient to satisfy their burden as the removing parties.

**Memorandum Opinion and Order – Page 7**

motion practice. Regardless, the court determines that allowing such discovery here is not warranted. The undersigned has allowed parties in the past to conduct limited jurisdictional discovery when it involves something simple like obtaining information needed to confirm an opposing party's citizenship. No doubt Plaintiff is in a better position to provide Defendants with information regarding her damages and the extent of her injuries, but discovery of this kind will be more involved and likely take more time than citizenship discovery.

Moreover, that such information is within Plaintiff's knowledge or possession does not absolve the Walmart Defendants of their responsibility, as the removing parties, from discovering the information prior to removal needed to support their assertion that federal subject matter jurisdiction exists. This is particularly so when, as here, it does not appear to even be a close call whether the amount in controversy is satisfied. Allowing the Walmart Defendants to conduct discovery regarding the amount in controversy under the circumstances would be tantamount to the court presuming it has diversity jurisdiction until proved otherwise, which is inconsistent with the presumptions that an action lies outside the limited jurisdiction of a federal court with ambiguities being strictly construed in favor of remand. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Manguno*, 276 F.3d at 723. Additionally, there is no indication that the Walmart Defendants sought any discovery regarding Plaintiff's damages before removing this case to federal court on July 13, 2023. They instead waited several months after the removal of this action and after the court entered its jurisdictional deficiency order on January 26, 2024. Accordingly, the court will not allow Defendants to conduct discovery regarding the amount in controversy.

## IV.  Conclusion

As Defendants' Amended Notice of Removal fails to cure the jurisdictional deficiencies previously identified regarding Plaintiff's citizenship and the amount in controversy required for diversity jurisdiction, the court *sua sponte* **remands** this action for lack of subject matter jurisdiction to the 191st Judicial District Court, Dallas County, Texas, from which it was removed and **directs** the clerk of court to **effect** the remand in accordance with the usual procedure.

**It is so ordered** this 27th day of February, 2024.

Sam A. Lindsay
United States District Judge